UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRYAN CORBITT,<br><br>            Petitioner,<br><br>   v.<br><br>ISRAEL JACQUEZ; and<br>CHRISTINE HILLIARD,<br><br>            Respondents. | C19-549 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on a Report and Recommendation ("R&R") of the Mary Alice Theiler, United States Magistrate Judge, docket no. 9. Having reviewed the R&R, the objections thereto, docket no. 10, and the notice of supplemental authority, docket no. 11, the Court enters the following order.

**<u>Background</u>**

Petitioner Bryan Corbitt challenges the Bureau of Prisons' failure to calculate good-time credit under Section 102(b)(1)(A) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 522 (2018) ("First Step Act"). That provision amends 18 U.S.C. § 3624(b)(1) to increase the maximum amount of good-time credit from 47 to 54 days annually. Petitioner contends that under the amended statute, he is entitled

ORDER - 1

additional good-time days and an earlier release date. The Bureau contends that the effective date of the amended calculation is July 19, 2019, and that Petitioner is not entitled to an earlier release date. Magistrate Judge Mary Alice Theiler issued an R&R recommending dismissal of the petition for the reasons described by Magistrate Judge Brian Tsuchida in a R&R in a similar case. Petitioner timely objected to the R&R, arguing that it failed to consider relevant legislative history and led to an irrational result. After Petitioner filed objections, the Court of Appeals for the Ninth Circuit issued its opinion in *Bottinelli v. Salazar*, No. 19-35201, 2019 WL 3071298 (9th Cir. July 15, 2019), which addressed identical arguments.

**<u>Discussion</u>**

This Court reviews de novo any part of the Magistrate Judge's R&R that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The Court of Appeals for the Ninth Circuit's decision in *Bottinelli v. Salazar* completely forecloses Petitioner's claims. In rejecting the same arguments Petitioner raised in objection to the R&R, the Court of Appeals concluded that the First Step "Act's good time credit amendment did not take immediate effect upon enactment but will become effective with the establishment of the 'risk and needs assessment system' on July 19, 2019." *Bottinelli*, 2019 WL 3071298, *5; *see also Corbett v. Jacquez*, No. 19-531, 2019 WL 3025204 (W.D. Wash. July 11, 2019) (reaching the same conclusion in adopting Magistrate Judge Tsuchida's R&R). Because the Court of Appeals has fixed the

effective date of the First Step Act's revisions to good time credit calculations, the Court must adhere to that effective date and dismiss Petitioner's claims.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The Report and Recommendation, docket no. 9, is ADOPTED;

(2) Petitioner's 28 U.S.C. § 2241 petition, docket no. 4, is DENIED with prejudice; and

(3) The Clerk is directed to send a copy of this Order to all counsel of record and to Magistrate Judge Theiler.

IT IS SO ORDERED.

Dated this 29th day of July, 2019.

Thomas S. Zilly
United States District Judge